LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
    The Village of Ossining Police Department
885 Third Avenue, 16th Floor
New York, NY 10022.4834
212.583.9600
(SF-5407)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Diego Santiago, | Civil Action No. 06-cv-5422(KW)(FM) |
|     Plaintiff, | **ECF CASE** |
| -against- | **ANSWER** |
| The Village of Ossining Police Department, | |
|     Defendant. | |

Defendant, The Village of Ossining Police Department ("Defendant") by and through its attorneys, Littler Mendelson, P.C., hereby answers the Complaint in this matter filed by Plaintiff Diego Santiago ("Plaintiff") as follows:

### AS TO THE NATURE OF THE ACTION

1. Defendant admits that Plaintiff purports to invoke claims under 42 U.S.C. §1981 and the New York State Human Rights Law, N.Y. Exec. L. §290 et seq., but denies that there exists any basis in law or fact for Plaintiff's claims.

2. Defendant admits that Plaintiff seeks to recover costs and fees in this action, but denies that there exists any basis in law or fact for Plaintiff's claims.

### AS TO JURISDICTION AND VENUE

3. Defendant denies the allegations set forth in Paragraph 3, except admits that this Court has jurisdiction over Plaintiff's claims under 42 U.S.C. § 1981, but denies that there

exists any basis in law or fact for Plaintiff's claims.

      4. Defendant denies the allegations set forth in Paragraph 4.

      5. Defendant denies the allegations set forth in Paragraph 5, except admits, upon information and belief, that Plaintiff resides in Westchester County. Defendant further admits that venue lies in this Court, but denies that there exists any basis in law or fact for Plaintiff's claims.

      6. Defendant denies knowledge or information as to the truth or falsity of the allegations of Paragraph 6, except denies that plaintiff filed a timely charge of race discrimination, in whole or in part, with the United States Equal Employment Opportunity Commission.

### AS TO PARTIES

      7. Defendant admits, upon information and belief, the allegations set forth in Paragraph 7.

      8. Defendant denies the allegations of Paragraph 8 of the Complaint, except admits, upon information and belief, that Plaintiff is a male Hispanic or Latino who has been employed by Defendant since July 1982. Defendant further admits that it is an employer within the meaning of 42 U.S.C. 2000e(b).

### AS TO FACTS

      9. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 9, except admits, upon information and belief, that Plaintiff is an Hispanic or Latino male.

      10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint.

      11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint.

      12. Defendant denies knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations set forth in Paragraph 12 of the Complaint, except admits that Plaintiff has been employed by Defendant for a longer period of time than certain Detectives currently employed by Defendant, and avers that Plaintiff is one of several individuals used by Defendant to translate from English to Spanish.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 13, and avers that at the time it learned that Plaintiff had commenced legal proceedings alleging unlawful discrimination, it employed one Hispanic or Latino in the position of Detective, and a second Hispanic or Latino in the position of Sergeant, who speaks Spanish.

14. Defendant denies the allegations set forth in Paragraph 14.

15. Defendant denies the allegations set forth in Paragraph 15.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Defendant denies the allegations set forth in Paragraph 17

### AS TO THE FIRST CAUSE OF ACTION

18. Defendant repeats each and every one of its answers and denials to the allegations set forth in Paragraphs 1-17, which are incorporated herein by reference.

19. To the extent the allegations of Paragraph 19 of the Complaint require a legal conclusion, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 19, except admits, upon information and belief, that Plaintiff is an Hispanic or Latino male.

20. Defendant denies the allegations set forth in Paragraph 20, and avers that Plaintiff was one of eight (8) Police Officers who were the subject of an awards application by Sergeant William Kress in connection with a certain specific arrest on or about January 4, 2003.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21.

22. Defendant denies the allegations set forth in Paragraph 22.

## AS TO THE SECOND CAUSE OF ACTION

23. Defendant repeats each and every one of its answers and denials to the allegations set forth in Paragraphs 1-22, which are incorporated herein by reference.

24. To the extent the allegations of Paragraph 24 of the Complaint require a legal conclusion, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 24, except admits, upon information and belief, that Plaintiff is an Hispanic or Latino male.

25. Defendant denies the allegations set forth in paragraph 25, and avers that Plaintiff was one of eight (8) Police Officers who were the subject of an awards application by Sergeant William Kress in connection with a certain specific arrest on or about January 4, 2003.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 26.

27. Defendant denies the allegations set forth in Paragraph 27.

## AS TO THE THIRD CAUSE OF ACTION

28. Defendant repeats each and every one of its answers and denials to the allegations set forth in Paragraphs 1-27, which are incorporated herein by reference.

29. To the extent the allegations of Paragraph 29 of the Complaint require a legal conclusion, no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 29, except admits, upon information and belief, that Plaintiff is an Hispanic or

Latino male.

30. Defendant denies the allegations set forth in paragraph 30, and avers that Plaintiff was one of eight (8) Police Officers who were the subject of an award application by Sergeant William Kress in connection with a certain specific arrest on or about January 4, 2003.

31. Defendant denies knowledge or information sufficient to for a belief as to the truth or falsity of the allegations set forth in Paragraph 31.

32. Defendant denies the allegations set forth in Paragraph 32.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a claim for which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a claim for which attorneys fees can be awarded.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which punitive damages may be awarded.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the election of remedies provision of the New York State Human Rights Law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff failed to comply with and satisfy all the administrative and procedural prerequisites for commencing and maintaining this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior by having anti-discrimination and anti-discrimination policies, of which Plaintiff was aware and received training.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Defendant has policies prohibiting discrimination and retaliation, and procedures for investigating and preventing discrimination and retaliation; and Plaintiff unreasonably failed to take action, pursuant to those policies or procedures, to be free from discrimination.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has established and complied with policies, programs, procedures and training for the prevention and detection of discriminatory and retaliatory practices, and the employees and agents charged with discrimination and retaliation in the Complaint have no prior record of incidents of discrimination.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks to assert claims for physical or emotional injuries, such claims are barred, in whole or in part, by the exclusive remedies provision of the New York Workers' Compensation Law.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with the costs and disbursements of this action, reasonable attorneys' fees and such other relief as the Court deems just and proper.

Date:   August 21, 2006
        New York, New York

/s/
_____
Stephen A. Fuchs (SF-5407)
LITTLER MENDELSON
  A Professional Corporation
885 Third Avenue, 16th Floor
New York, NY  10022.4834
212.583.9600

Attorneys for Defendant
  The Village of Ossining Police Department

## DECLARATION OF SERVICE

STEPHEN A. FUCHS, an attorney, hereby declares as follows under penalty of perjury:

1. I am Of Counsel to Littler Mendelson, P.C., attorneys for Defendant in this matter.

2. On this date I caused the forgoing Answer to be served via first class mail, postage prepaid, upon the following counsel of record for Plaintiff, by having same placed in a properly addressed mailing envelope with proper postage affixed, and mailed in accordance with the normal mailing procedures of my office:

> David J. Hernandez & Associates
> 26 Court Street, Suite 2200
> Suite 2200
> Brooklyn, NY 11242

Dated: August 21, 2006

_____
STEPHEN A. FUCHS

Firmwide:81401709.1 052317.1002