# EXHIBIT 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Diego Santiago<br>13 Van Wyck Street<br>Ossining, NY 10562 | From: Boston Area Office - 523<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-01180 | Edith Kessler,<br>Investigator | (617) 565-3206 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
Robert L. Sanders,
Area Director

APR 2 1 2006

(Date Mailed)

Enclosures(s)

cc: Stephen A. Fuchs, Esq.
Grotta, Glassman & Hoffman, P.C.
650 Fifth Avenue
New York, NY 10019

Tara Bernstein, Esq.
9 PARADIES LANE
New Paltz, NY 12561



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

APR 2 1 2006

Diego Santiago
13 Van Wyck Street
Ossining, NY 10562

Re: Charge No. 160-2005-01180, Diego Santiago v Ossining Police Department

Dear Mr. Santiago :

The EEOC has concluded its inquiry into your allegations of discrimination. Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the evidence you and the Respondent provided. The evidence fails to indicate that a violation of the law occurred and it is not likely that additional investigation will result in our finding of a violation.

You allege that because of your race, Hispanic, and ethnicity, Puerto Rican, you were denied promotion to the position of Detective for the years 2001, 2002, 2003, and 2004. You state that there are no employees above the rank of Officer who are Hispanic, who speak Spanish, and who know the Hispanic community. A subsequent allegation states a Spanish speaker above the rank of Officer was promoted in response to your charge.

The jurisdictional time period for filing a charge is 300 days from the date of harm. Your charge was received February 18, 2005. Consequently, the alleged discrimination prior to April 24, 2004 is not jurisdictional.

Historically, evidence indicates the following regarding the four years that you cite being denied promotion to detective. In the year 2001 no one was appointed. In the year 2002 Jose Ferrao, a Brazilian, Latino, rated second but received the appointment. He was appointed over the individual, a non Latino, who received the highest rating. In the year 2003 no one was appointed.

July 2004 Donald Farrell, who had rated highest in 2002, above Mr. Ferrao, was appointed detective. Of the 12 applicants identified for the 2004 position, 6 were white, including the successful candidate, 2 were black, and 2, including yourself, were Hispanic/Latino. The

Page 2. #160-2005-01180

process includes input from all sergeants and lieutenants who complete a prescribed evaluation form of approximately 25 criteria regarding all candidates. That input is reviewed and destroyed as noted on the form. The Chief then takes into account the input of the Lieutenant in charge of the Detective division. The ability to speak Spanish is not a criterion of the position. Chief Burton states that openings for detective are infrequent and in the 13 years he has been Chief of police he has appointed only three plainclothes detectives one of whom was Hispanic/Latino. The decision makers were the same.

The promotion of a Spanish speaking Hispanic was effected prior to the time Respondent was notified of your charge. Sgt. George/Jorge Byrne, a Hispanic, Mexican, who speaks Spanish, was promoted to the position of sergeant, a position that is higher than that of detective. He was promoted February 16, 2005. Your charge was received by the Commission Friday February 18, 2005. EEOC mailed notification of your charge to Respondent on February 23, 2005. Byrne was not promoted in response to your charge. Regarding the appointments to detective in 2001 of Girolamo and 2004 of Stymiloski, each was promoted within the position he was already functioning, doing specific duties, i.e. youth officer and traffic manager.

Of 59 police officers, 7 (11.86%) are Hispanic or Latino. Of the 7 detectives, one (14.3%) is a Brazilian/Latino. Of 8 Sergeants 1 (12.5%) is Hispanic or Latino. There is no indication that your race or ethnicity were applicable to any action taken by Respondent. There is no indication that there is a violation of any of the laws enforced by EEOC.

Given the Respondent's answer to the charge, even though you disagree with them, it is unlikely that EEOC would find a violation if it invested additional resources. Thus, the investigation has been concluded. Your Determination /Notice of Right to Sue is enclosed. The Determination is final. If you wish to pursue this charge, you may file in Federal District Court within ninety (90) days of receipt of the enclosed Notice of Right to Sue. Otherwise, your right to sue will be lost.

                                    Sincerely,

                                    Edith Kessler
                                    Investigator

cc: Tara Bernstein, Esq.