# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIEGO SANTIAGO,

     Plaintiff,

 -against-

THE VILLAGE OF OSSINING POLICE DEPARTMENT,

     Defendant.
------------------------------------------------------------X

06 x CV 5422

Civil Action No.

COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, DIEGO SANTIAGO, by his attorneys, DAVID J. HERNANDEZ & ASSOCIATES, complaining of the Defendant, THE VILLAGE OF OSSINING POLICE DEPARTMENT, respectfully alleges as follows:

### NATURE OF THE ACTION

1. This is an action for discrimination based on race and/or national origin in the terms, conditions, and privileges of employment, as protected under section 1981 of the Civil Rights Act of 1866, 42 U.S.C. section 1981 (1982) ("Section 1981"); as well as retaliation for engaging in protected activity; discrimination under the New York State Humans Rights Law, Executive Law sections 290 et seq. (the "Code"), based on race and/or national origin and retaliation for engaging in protected activity.

2. Plaintiff also seeks costs and attorneys fees authorized by 42 U.S.C. section 1981 and other relevant statutes.

## JURISDICTION AND VENUE

3. This Court has Jurisdiction over this action under 42 U.S.C. section 1981, 42 U.S.C. section 2000e-5(f) and 28 U.S.C.A. sections 1331 and 1343(4).

4. Supplemental jurisdiction of the Court over the state claims brought under the New York Human Rights Law, is based on 28 U.S.C. section 1367(a).

5. The unlawful employment practices alleged below were committed within the Southern District. Moreover, Plaintiff resides in Westchester County. Accordingly, venue lies within the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. section 1391(b). Pendent Jurisdiction is also invoked pursuant to Executive Law section 296 (1) (a).

6. Plaintiff filed a timely charge of race discrimination with the Equal Employment Opportunity Commission and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on April 21, 2006, a copy of which is attached hereto as Exhibit "A".

## PARTIES

7. At all times herein mentioned, Plaintiff DIEGO SANTIAGO (hereinafter "Plaintiff" or "Santiago") was and still is a resident of Westchester County, State of New York.

8. At all times hereinafter mentioned, Plaintiff, Diego Santiago, is a Hispanic male and has been employed as a Police Officer with the Village of Ossining Police

Department (hereinafter "Defendant") since July of 1982. Defendant, The Village of Ossining Police Department is an employer within the meaning of 42 U.S.C.A. section 2000e(b). This is an action to remedy violations of the rights and racial discrimination of Diego Santiago under 42 U.S.C.A. section 1983, Violation of the Civil Rights Act of 1964.

**FACTS**

9. Plaintiff, Diego Santiago, is a Hispanic male, who was born on 11/13/1954 in Puerto Rico.

10. During Plaintiff's employment at The Village of Ossining Police Department, his work performance, time and attendance were satisfactory or better. Plaintiff has an excellent attendance record and has had good performance reviews throughout his employment.

11. Plaintiff, Diego Santiago has applied for the position of Detective with the Village of Ossining Police Department in 2001, 2002, 2003 and 2004 but was denied said position due to his race and ethnicity.

12. Plaintiff, Diego Santiago, has been employed for a longer period of time with the Village of Ossining Police Department than all but two of the Detectives who are currently employed by defendants, and is routinely called upon to translate between Spanish and English because there is no Detective who is certified to translate.

13. When Plaintiff, Diego Santiago, showed his intent and interest to be promoted to Detective, there were no employees above the rank of Police Officer who were Hispanic and speak Spanish within the Village of Ossining Police Department.

14. As a proximate result of defendants' racial discrimination against plaintiff, plaintiff has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, deferred compensation, and other employment benefits.

15. As a further proximate result of defendant's actions, plaintiff has suffered and continues to suffer impairment and damage to plaintiff's good name and reputation.

16. As a further proximate result of defendants' actions, plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses.

17. The conduct of defendants was outrageous and malicious, was intended to injure plaintiff, and was done with reckless indifference to plaintiff's protected civil rights, entitling plaintiff to an award of punitive damages.

### AS FOR A FIRST CAUSE OF ACTION: 42 U.S.C. section 1981

18. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 17 of this Complaint with the same force and effect as if each were fully set forth herein.

19. Plaintiff is a Hispanic male, born in Puerto Rico, and as such, he is a member of a class of persons covered by and protected by 42 U.S.C. section 1981.

20. On January 4, 2003, Plaintiff received a awards application from Sergeant William Kress, commending him for his service.

21. On October 28, 2003, a article was posted in the Village of Ossining Police Department locker room referring to Plaintiff as a "Scab". (See attached Exhibit "B").

22. In retaliation for Plaintiff's engagement in protected activity and on account of his race/ethnicity, plaintiff was isolated and shunned by the Village of Ossining Police Department and denied the position of Detective.

## AS FOR A SECOND CAUSE OF ACTION: HUMAN RIGHT LAW

23. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 22 of this Complaint with the same force and effect as if each were fully set forth herein.

24. Plaintiff is a Hispanic male, born in Puerto Rico, and as such, he is a member of a class of persons covered by and protected by 42 U.S.C. section 1981.

25. On January 4, 2003, Plaintiff received a awards application from Sergeant William Kress, commending him for his service.

26. On October 28, 2003, a article was posted in the Village of Ossining Police Department locker room referring to Plaintiff as a "Scab". (See attached Exhibit "B").

27. In retaliation for Plaintiff's engagement in protected activity and on account of his race/ethnicity, plaintiff was isolated and shunned by the Village of Ossining Police Department and denied the position of Detective

## AS FOR A THIRD CAUSE OF ACTION: HUMAN RIGHT LAW

28. Plaintiff repeats and re-avers each and every one of the allegations set forth in paragraphs 1 through 27 of this Complaint with the same force and effect as if each were fully set forth herein.

29. Plaintiff is a Hispanic male, born in Puerto Rico, and as such, he is a member of a class of persons covered by and protected by 42 U.S.C. section 1981.

30. On January 4, 2003, Plaintiff received a awards application from Sergeant William Kress, commending him for his service.

31. On October 28, 2003, a article was posted in the Village of Ossining Police Department locker room referring to Plaintiff as a "Scab". (See attached Exhibit "B").

32. In retaliation for Plaintiff's engagement in protected activity and on account of his race/ethnicity, plaintiff was isolated and shunned by the Village of Ossining Police Department and denied the position of Detective

## DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court grant judgment to him containing the following relief:

1. A declaratory judgment that Defendant, THE VILLAGE OF OSSINING POLICE DEPARTMENT, and/or its agents, servants or employees, discriminated against Plaintiff in violation of 42 U.S.C. sections 1981, the New York State Human Rights Law section 290 et seq., on the basis of race/national origin, and in retaliation for engaging in protected activity.

2. Injunctive relief permanently restraining and enjoining Defendants. THE VILLAGE OF OSSINING POLICE DEPARTMENT, from making employment decisions on the basis of race/national origin, of its employees and monitoring the Defendants employment practices as they relate to retaliation.

3. An award of plaintiff's actual damages in an amount not less than $1,000,000.00 to be determined at trial for loss of wages, benefits, and promotional opportunities, including an award of front pay compensating plaintiff for loss of future salary and benefits;

4. An award of plaintiff's actual damages in an amount not less than $1,000,000.00 to be determined at trial to compensate plaintiff for mental anguish, humiliation, embarrassment, and emotional injury;

5. An award of punitive damages;

6. An order enjoining defendant from engaging in the wrongful practices alleged herein;

7. An award of reasonable attorneys' fees and the costs of this action; and

8. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury of six persons for all claims stated herein.

Dated: Brooklyn, New York
July 5, 2006

DAVID J. HERNANDEZ & ASSOCIATES
By:_____
David J. Hernandez, Esq. ID# 8401

A Member of the Firm
Attorney of plaintiff
26 Court Street, Suite 2200
Brooklyn, NY 11242
(718) 522-0009

# VERIFICATION

STATE OF NEW YORK   )
                    )   SS.:
COUNTY OF KINGS     )

DIEGO SANTIAGO, being duly sworn, deposes and says:

1. I am the Plaintiff in this action.

2. I have read the foregoing COMPLAINT AND JURY TRIAL DEMAND in this matter and know the contents thereof.

3. The same are true to the best of our knowledge and information except as to those matters stated therein to be alleged upon information and belief, and as to those matters, your deponent believes them to be true.

_____
DIEGO SANTIAGO

Sworn to before me this
5th day of July, 2006

_____
NOTARY PUBLIC

ALEXANDER KRAN III
NOTARY PUBLIC, State Of New York
No. 31-5015843
Qualified in New York County
Commission Expires March 5, 20__

EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

APR 2 1 2006

Diego Santiago
13 Van Wyck Street
Ossining, NY 10562

Re: Charge No. 160-2005-01180, Diego Santiago v Ossining Police Department

Dear Mr. Santiago :

The EEOC has concluded its inquiry into your allegations of discrimination. Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the laws we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the evidence you and the Respondent provided. The evidence fails to indicate that a violation of the law occurred and it is not likely that additional investigation will result in our finding of a violation.

You allege that because of your race, Hispanic, and ethnicity, Puerto Rican, you were denied promotion to the position of Detective for the years 2001, 2002, 2003, and 2004. You state that there are no employees above the rank of Officer who are Hispanic, who speak Spanish, and who know the Hispanic community. A subsequent allegation states a Spanish speaker above the rank of Officer was promoted in response to your charge.

The jurisdictional time period for filing a charge is 300 days from the date of harm. Your charge was received February 18, 2005. Consequently, the alleged discrimination prior to April 24, 2004 is not jurisdictional.

Historically, evidence indicates the following regarding the four years that you cite being denied promotion to detective. In the year 2001 no one was appointed. In the year 2002 Jose Ferrao, a Brazilian, Latino, rated second but received the appointment. He was appointed over the individual, a non Latino, who received the highest rating. In the year 2003 no one was appointed.

July 2004 Donald Farrell, who had rated highest in 2002, above Mr. Ferrao, was appointed detective. Of the 12 applicants identified for the 2004 position, 6 were white, including the successful candidate, 2 were black, and 2, including yourself, were Hispanic/Latino. The

Page 2.  #160-2005-01180

process includes input from all sergeants and lieutenants who complete a prescribed evaluation form of approximately 25 criteria regarding all candidates. That input is reviewed and destroyed as noted on the form. The Chief then takes into account the input of the Lieutenant in charge of the Detective division. The ability to speak Spanish is not a criterion of the position. Chief Burton states that openings for detective are infrequent and in the 13 years he has been Chief of police he has appointed only three plainclothes detectives one of whom was Hispanic/Latino. The decision makers were the same.

The promotion of a Spanish speaking Hispanic was effected prior to the time Respondent was notified of your charge. Sgt. George/Jorge Byrne, a Hispanic, Mexican, who speaks Spanish, was promoted to the position of sergeant, a position that is higher than that of detective. He was promoted February 16, 2005. Your charge was received by the Commission Friday February 18, 2005. EEOC mailed notification of your charge to Respondent on February 23, 2005. Byrne was not promoted in response to your charge. Regarding the appointments to detective in 2001 of Girolamo and 2004 of Stymiloski, each was promoted within the position he was already functioning, doing specific duties, i.e. youth officer and traffic manager.

Of 59 police officers, 7 (11.86%) are Hispanic or Latino. Of the 7 detectives, one (14.3%) is a Brazilian/Latino. Of 8 Sergeants 1 (12.5%) is Hispanic or Latino. There is no indication that your race or ethnicity were applicable to any action taken by Respondent. There is no indication that there is a violation of any of the laws enforced by EEOC.

Given the Respondent's answer to the charge, even though you disagree with them, it is unlikely that EEOC would find a violation if it invested additional resources. Thus, the investigation has been concluded. Your Determination /Notice of Right to Sue is enclosed. The Determination is final. If you wish to pursue this charge, you may file in Federal District Court within ninety (90) days of receipt of the enclosed Notice of Right to Sue. Otherwise, your right to sue will be lost.

                              Sincerely,

                              Edith Kessler
                              Investigator

cc: Tara Bernstein, Esq.

EEOC Form 1f

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Diego go | From: | Boston Area Office - 523 |
|---|---|---|---|
| | 13 V. c Street | | John F. Kennedy Fed Bldg |
| | Ossining, NY 10562 | | Government Ctr, Room 475 |
| | | | Boston, MA 02203 |

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-2005-01180 | Edith Kessler, Investigator | (617) 565-3206 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Robert L. Sanders,
Area Director

APR 2 1 2006

(Date Mailed)

Enclosures(s)

cc: Stephen A. Fuchs, Esq.
Grotta, Glassman & Hoffman, P.C.
650 Fifth Avenue
New York, NY 10019

Tara Bernstein, Esq.
9 PARADIES LANE
New Paltz, NY 12561

EXHIBIT B



Posted
Bulletin Board
Locker room
10/23/03 - 7:25a

# Residents rally to have Hispanic Ossining police officer become detective

by Adam Stone

A cross-section of roughly 60 Ossining residents has signed a petition that encourages the Police Department to appoint Officer Diego Santiago to detective.

Many petitioners contend Santiago has been unfairly passed up for the position because he is Hispanic.

The officer of 22 years in the department was unavailable for comment.

"Any appointment is based on merit," Chief Joseph Burton said. "I'll see what their concerns are, but we meet these concerns."

Currently, there are no openings for a detective appointment, Burton said.

Resident Maxine Lawrence issued the petition to the Board of Police Commissioners a little over two weeks ago. Mayor John Perillo rejected the notion that racial diversity within the department should be a focus.

"We want to do things for the right reasons, not the wrong reasons," Perillo said.

Sundiatta Sadiq was president of the Ossining NAACP when he called for the resignation of a department detective. The detective was quoted in a newspaper using a racial slur in reference to an African-American officer back in 1996.

"I believe Diego based on the racist history of the Ossining Police has been passed over because of his race," Sadiq said. "Santiago is a victim of the historically racist Ossining Police Department."

Others cite more subtle discrimination within the department.

"Not qualified?" Lawrence acted rhetorically. "Not aware of that inasmuch as there has been bias and discrimination over the years."

In his dozen years as chief, Burton has engaged and two detectives. Interestingly, in one of his year, Detective Jose Ferro, who is Hispanic, was picked for the position. Ferro, who does not speak Spanish, was plucked from the ranks after a review process that included no more than a dozen interested parties, including Santiago.

"Hopefully, we've gone beyond skin color," said Burton, noting four lieutenants and seven sergeants were involved in the evaluation process.

Others who signed the petition focused their arguments less on race, and more on the necessity for the department to offer the position to a well-respected officer who speaks Spanish.

Cecil Gutierrez is the president of the Ossining Hispanic Action Coalition.

"He is a classic example of police/community relations," Gutierrez said. "Officer Santiago has been involved with just about every community activity in town. He is widely recognized by everyone in town from every cultural background. He has been an instrumental force in communication between the police and the Spanish community."

## Police union steps into political ranks

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DIEGO SANTIAGO,

                                              Plaintiff,

      -against-

THE VILLAGE OF OSSINING POLICE DEPARTMENT,

                                             Defendants.
-----------------------------------------------------------X

*[handwritten: 06 CV 5422 KMW "ECF CASE"]*

---

**SUMMONS & COMPLAINT**

---

**DAVID J. HERNANDEZ & ASSOCIATES**
Attorney for Plaintiff
26 Court Street, Suite 2200
Brooklyn, New York 11242
(718) 522-0009

---

service of a copy of the within is hereby admitted.

Dated:

                                                                           _____
                                                                           Attorney for


                                                                       **Attorneys for Plaintiff**