UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DIEGO SANTIAGO,

        Plaintiff,

                            PLAINTIFF'S RULE 56.1
                            <u>STATEMENT IN OPPOSITION</u>

    -against-

                          <u>Index No.</u>  06 CIV 5422 (CLB)

THE VILLAGE OF OSSINING POLICE
DEPARTMENT,

        Defendant.

-----------------------------------------------------------x

**PLAINTIFF'S RULE 56.1 STATMENT**

      Plaintiff, Diego Santiago, by and through his attorney, Law Office of Paul N. Cisternino, submits the following statement pursuant to Rule 56.1 of the Local Rules of the Southern and Eastern Districts of New York in opposition to Defendant's Motion for Summary Judgment. The following represent those material facts as to which there exists a genuine issue to be tried:

      1. Plaintiff has worked for the Village of Ossining Police Department since 1982 as a uniform patrol officer.  (Santiago Aff, Paragraph 2) (Plaintiff Dep. 44:3.)

      2. Since the inception of the Defendant's formal performance evaluations in 2006, Plaintiff received an "excellent" evaluation. (Santiago Aff. Paragraph 6) (Plaintiff Dep. 105:19-20.) According to prior evaluations that Plaintiff received, he performed better than close to excellent in all aspects of his work. (Santiago Aff. Paragraph 7) (Plaintiff Dep. 105:19-20.)

1

3. Plaintiff was the only officer responsible for obtaining a one thousand dollar ($1,000.00) stipend for officers who speak a second language. (Santiago Aff. Paragraph 8) (Plaintiff Dep. 57:13-24.). This stipend primarily benefits Spanish-speaking police officers. (Santiago Aff. Paragraph 8).   Plaintiff facilitated negotiations with his PBA to the Defendant's Chief of Police and Defendant's Village Board. (Santiago Aff. Paragraph 8) (Plaintiff Dep. 58:2-15.). Chief Burton was opposed to this stipend. (Santiago Aff. Paragraph 9)

4. Defendant promoted Patrol Officer John Girolamo to the rank of Detective through a non-competitive appointment in May, 2000, because he was a youth officer. (Plaintiff Dep. 72:6-8) (Burton Aff. Paragraph 8.)

5. Patrol Officer John Girolamo was certified as a Drug Abuse Resistance Education ("DARE") officer after he received his promotion. (Plaintiff Dep. 73:18-19.)

6. Patrol Officer John Girolamo was non-Hispanic and non-Puerto Rican. (Santiago Aff. Paragraph 14)

7. Plaintiff had more seniority than Patrol Officer Girolamo. (Santiago Aff. Paragraph 15)

8. Plaintiff had also worked previously for the Defendant before he was a Patrol Officer as a "community service worker", working with youths and resolving youth problems. (Plaintiff Dep. 36:9-22.)

9. On June 24, 2002, Patrol Officer Jose Ferrao was appointed to the Detective position through a competitive process. (Burton Aff. Paragraph 11.)

10. Patrol Officer Ferrao was Brazilian and Latino/Hispanic. *Id.*

11. An article was written in a local newspaper in October, 2003 concerning a rally and a petition that was circulated in the Ossining community encouraging the Defendant to

promote the Plaintiff to Detective. (Plaintiff Dep. 99:12-19.) (Santiago Aff. Paragraph 19 & Exhibit A)

12. The article quoted Sundiata Sadiq, President of Ossining NAACP as stating, "I believe Diego (Plaintiff) based on the racist history of the Ossining Police (Defendant) has been passed over because of his race." (Santiago Aff. Paragraph 20 & Exhibit A.)

13. On October 28, 2003, the article was posted on the Plaintiff's locker and in the Defendant's hallway and briefing room with the word "Scab" written on it. (Plaintiff Dep. 98:3-7; 99:12-16.) (Santiago Aff. Paragraph 21 & Exhibit A.)

14. Plaintiff interpreted "Scab" to mean "disease" or "cancer" to the Defendant. (Plaintiff Dep. 98:24-25.)

15. Plaintiff sent an E-Mail to his Supervisor, Joseph Burton Jr., Chief of Police of the Defendant, on October 28, 2003 stating that he felt "violated, disrespected, and humiliated" and requesting an investigation. (Santiago Aff. Paragraph 22 & Exhibit B.)

16. To date, there has been no investigation of this incident. (Santiago Aff. Paragraph 23)

17. To date, Plaintiff does not know who posted the article. (Plaintiff Dep. 100:23-25).

18. After this article was posted on Plaintiff's locker and Defendant's hallway and briefing room, Plaintiff felt isolated and alienated by his co-workers and supervisors. (Santiago Aff. Paragraph 25). Plaintiff stated that since the article appeared in the local newspaper, when he called out for a police vehicle, he did not get "back up." (Plaintiff Dep. 119:11-15.)

19. Subsequent to these events, Defendants promoted two (2) Patrol Officers to the position of Detective in 2004, one through the competitive process, one through the non-

competitive process. (Burton Aff. Paragraphs 9 and 12.) (Santiago Aff. Paragraph 26)

20. Defendant promoted Patrol Officer Paul Stymiloski to the rank of Detective through a non-competitive appointment on August 30, 2004. (Burton Aff. Paragraph 9.)

21. Defendant never sent a memo to police officers advising that there was an opening for a promotion to Detective when Patrol Officer Paul Stymiloski was promoted. (Plaintiff Dep. 79: 19-25.)

22. Defendant never sent the Plaintiff to any special schools to receive additional training such as Patrol Officer Paul Stymiloski. (Plaintiff Dep. 77: 3-4; 78: 2-24.)

23. Patrol Officer Stymiloski was non-Hispanic and non-Puerto Rican. (Santiago Aff. Paragraph 29.)

24. On September 27, 2004 defendant appointed Patrol Officer Donald Farrell to the position of Detective. (Burton Aff. Paragraph 12.)

25. Plaintiff had more experience, including knowledge of the streets, past experience in working with detectives, undercover work, working in other jurisdictions and questioning suspects than Patrol Officer Donald Farrell. (Plaintiff Dep. 92:4-7).

26. Patrol Officer Donald Farrell was neither Hispanic nor Puerto Rican. (Santiago Aff. Paragraph 34)

27. Defendant relies on a vague and purely subjective promotion process that did not consider objective factors in the promotion of Patrol Officer Donald Farrell. Chief Burton's memorandum dated June 25, 2004 entitled "Memorandum" states, "Attached find resumes submitted by eleven officers who have applied for consideration to the appointment of Detective. It entrusts all lieutenants and sergeants to review their resumes and (1) rate candidates on the attached personnel performance evaluation guide; (2) Rank in the candidate with an overall rating; (3) Your candidate opinion of the candidates you are evaluating; (4) All

candidates will be evaluated. Burton Aff. Paragraph 4 & Exhibit 4.

28. As of early, 2008, out of five (5) detectives for the Defendant one was Latino and none were Puerto Rican. (Burton Aff. Paragraph 15.) (Santiago Aff. Paragraph 10)

29. As of early, 2008, out of the Defendant's sixty (60) officers, ten (10) are Hispanic. *Id.*

30. There are no Puerto Rican detectives currently, and there has never one been appointed and there has been only one Hispanic/Latino appointed. (Santiago Aff. Paragraph 10)

## PLAINTIFF'S REPLY TO DEFENDANT'S 56.1 STATEMENT

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

8. Admit to all statements except as to the statement that no police officer was appointed to the Department's Detective Division in 2001 or 2003, Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

9. Admit to all statements except to the extent that Plaintiff worked previously for the Defendant as a "community service worker", working with youths and resolving youth problems.

10. Admit to all statements, except deny that this appointment was distinct from all other

appointments, and to the extent that Officer Stymiloski was alone performing the Traffic Specialist duties, was a certified accident investigator, and completed courses and seminars, Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

11. Deny.

12. Admit to the extent that there were vacancies in the Detective Division except as to the statement that Chief Burton followed the same procedure on each occasion, Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

13. Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

14. Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

15. Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

16. Deny.

17. Admit to all statements except deny that Detective Ferrao is Hispanic, in that Detective Ferrao is from Brazil, a Latin American country.

18. Admit.

19. Admit.

20. Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

21. Admit.

22. Admit.

23. Admit.

24. Admit to the extent that Chief Burton selected George Byrne for promotion to Sergeant and speaks Spanish, however as to the statement that George Byrne is of Mexican national origin Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

25. Plaintiff does not possess nor he is able to obtain the knowledge or information required to admit or deny this statement.

26. Admit the statement that Plaintiff receives a stipend, however as to the statement that five other officers receive stipends, Plaintiff does not possess or he is able to obtain the knowledge or information required to admit or deny this statement.

27. Deny that Plaintiff's skills are not unique to the Defendant and as to the other statement, Plaintiff does not possess or he is able to obtain the knowledge or information required to admit or deny this statement.

28. Deny.

29. Deny.

Dated: Ossining, New York
       January 8, 2007

_____
Mark J. Weinstein

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January 2008, true and correct copies of the foregoing Declaration of Mark J. Weinstein, Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, and Plaintiff's Rule 56.1 Statement in Opposition were mailed via ~~USPS Express~~ *Priority* Mail, overnight delivery, to the following attorney of record for the defendant at the address indicated:

> Stephen A. Fuchs, Esq.
> LITTLER MENDELSON
> 885 Third Avenue, 16th Floor
> New York, NY 10022-4834

*/s/ Mark J. Weinstein*
Mark J. Weinstein

12