UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DIEGO SANTIAGO,

                Plaintiff,

                                      06 Cv. 5422 (CLB)

  - against -

                                      ***Memorandum and Order***

THE VILLAGE OF OSSINING POLICE
DEPARTMENT,

                Defendant.
------------------------------------------------------x

Brieant, J.

       Pending before this Court for decision is Defendant's Motion for Summary Judgment fully submitted on briefs as of February 29, 2008 (Doc. 20). The following facts are established for purposes of the motion only.

       Plaintiff, Mr. Diego Santiago, is a Police Officer with the Defendant Police Department which is a department of the incorporated Village of Ossining. There are no individual defendants in the case. Mr. Santiago claims to be "Hispanic or Latino" and of Puerto Rican origin. On February 5, 2005, he filed a charge of discrimination with the EEOC claiming that he was denied promotions to the Department's Detective Division on the basis of his race and national origin, in 2001, 2002, 2003 and 2004. He received a determination from the EEOC on April 21, 2006 dismissing the charge. The EEOC held that the evidence obtained during its investigation of the case did not establish that a violation of the law occurred but issued the usual ninety day Right to Sue Notice. This action followed.

The Village has submitted an explanation for its proceedings in connection with designating detectives during the relative time period, and takes the position that no Police Officer was appointed to the Department's Detective Division in 2001 or 2003; that Plaintiff did not possess the certifications that the officers who were promoted to uniformed Detective positions in 2000 and in 2004 possessed.

Specifically, P.O. John Girolamo was appointed to Detective within his duties as a Youth Officer without any change in his duties. This was a non-competitive appointment for which there was no selection or evaluation process, no applications were solicited for the appointment and no other Police Officers within the Department were regarded as qualified since they were not serving as a Youth Officer. Officer Girolamo had been working as a Youth Officer and was a Certified Drug Abuse Resistence Education (DARE) Officer and a Certified School Resource Officer (SRO). Plaintiff did not have these qualifications, and neither he nor any other Police Officer were denied the Detective appointment received by Officer Girolamo. Plaintiff has not shown that this reasoning followed by the employer in connection with this promotion was pretextual, or that Plaintiff was denied advancement because of discrimination.

On August 30, 2004, P.O. Paul Stymiloski was appointed to a uniformed Detective position within his duties as a Traffic Specialist, without any change in those duties. The same criteria were followed in connection with the advancement of the Youth Officer. Stymiloski was considered for this appointment by the Department because of his qualifications in traffic issues. This was not a competitive appointment and no applications were solicited from other police

-2-

officers in the Department. He alone was performing the Traffic Specialist duties prior to his promotion. He was also a Certified Accident Investigator, and had completed specialized courses and seminars in connection with issues such as Commercial Vehicle Enforcement, Skid Locks and Braking Systems, Lo Jack Stolen Vehicle Police Recovery Systems and other Traffic Systems courses. No evaluations were completed with respect to other aspirants for Officer Stymiloski's appointment to Detective. Plaintiff had never expressed interest in this appointment, and did not have the specialized training in the field of Traffic issues possessed by Stymiloski.

Competitive promotions for Detective did take place in 2002 and 2004. The Department has its own procedure which was followed in each of these cases. It is described as follows: The Police Chief sent out an email advising the Department of the vacancy and inviting applications by submitting a cover letter and resume. Thereafter, all Sergeants and Lieutenants in the Department were provided an Evaluation Form listing a number of job-related criteria including performance in areas such as supervisory skills, community interaction, comprehension of police procedures and other matters. Neither ability to speak Spanish nor seniority were submitted as factors in this evaluation.

These evaluations were reviewed by the Chief of Police, who thereafter consulted with the Lieutenant in charge of the Detective Division whose recommendations are considered following which the ultimate decision is, in fact, made by the Chief of Police. This process was followed twice during the time period raised in the Complaint and on neither occasion were the

ratings sufficiently high for Plaintiff to receive the appointment. The results of the competition and the methods followed were fully explained to the member officers eligible for appointment, and Mr. Santiago was not regarded as a top candidate.

The Department currently has five detectives out of sixty officers and one of those persons is Hispanic or Latino. Of the Department's sixty officers, ten are Hispanic or Latino as is one Sergeant. Apparently, Plaintiff's Spanish language skills are not unique to the Department and five other officers receive extra stipends to compensate them for their bilingual abilities. Two of these received a stipend for Spanish fluency.

Plaintiff has not been able to rebut the explanation presented by the employer as to the policies and methods followed in these challenged designations as a Detective. Unlike Sergeant vacancies, Detective appointments are not the subject of Competitive Examination and a promulgated promotional list under the Civil Service Law of New York, and the appointments are usually not permanent or vested since Detective work requires a degree of anonymity.

The Commission itself pointed out that any discrimination prior to April 24, 2004 cannot be the subject of this litigation by reason of being time-barred, and this Court agrees.

Except for his perception that there was a need not being addressed by the Police Department and specifically by the Detective Division, Plaintiff could testify to no other facts supporting his claim that he was denied promotion on the basis of his national origin (Deposition

Tr. at 112). When invited to do so, Plaintiff also presented no testimony supporting the claim and complaint that he was retaliated against for applying for the Detective position. (Tr. at 114)

After full pretrial preparation in this case, it appears that Plaintiff will be unable to prove at trial by a preponderance of the credible evidence that the employer or its officials discriminated as charged or that they retaliated, or that their explanation of their reasoning for the personnel decisions made was pretextual, or a cover-up for discrimination.

Accordingly, the Motion for Summary Judgment (Doc. 20) is granted dismissing the Complaint. The Clerk of the Court shall file a final judgment.

The Clerk of the Court shall terminate all motions pending as of March 6, 2008 as moot and close the case.

SO ORDERED.

Dated: White Plains, New York
       March 6, 2008

                                              _____
                                              Charles L. Brieant, U.S.D.J.